**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Michael E. Romero

| | |
|---|---|
| In re:<br><br>Jeffrey Michael Speicher,<br><br>Debtor. | Bankruptcy Case No. 19-13850 MER<br><br>Chapter 7 |
| Roddess Marie Ekberg, Timothy Ekberg,<br>Justin Fierstein, and Sarah Firestein,<br><br>Plaintiffs,<br><br>v.<br><br>Jeffrey Michael Speicher,<br><br>Defendant. | Adversary No. 19-1202 MER |

**ORDER DENYING MOTION TO LIFT ABEYANCE**

THIS MATTER comes before the Court on the Motion to Lift Abeyance and Revoke Abstention ("**Motion to Lift**") filed by Debtor-Defendant Jeffrey Speicher, the response filed by Plaintiffs Roddess Marie Ekberg, Timothy Ekberg, Justin Fierstein and Sarah Firestein (collectively, the "**Ekbergs**") and the Debtor's reply.[1]

Several years prior to the petition date, the Ekbergs sued the Debtor in state court, alleging multiple claims. After a trial, the jury entered a verdict against the Debtor on three claims: (i) deceit based on fraud; (ii) civil theft; and (iii) conspiracy to commit civil theft. Shortly thereafter, the Debtor filed for bankruptcy on May 7, 2019. The Ekbergs obtained relief from the automatic stay in the main case, allowing the state court to enter a final judgment against the Debtor on September 22, 2019 (the "**First Judgment**"). The Debtor appealed the First Judgment's verdict on the civil theft and conspiracy claims, but not the fraud claim.

Meanwhile, the Ekbergs initiated this adversary proceeding against the Debtor, seeking an order determining that any state court judgment entered against the Debtor is nondischargeable under 11 U.S.C. § 523(a)(2) and (a)(4). By agreement of the

---

[1] ECF Nos. 79, 82, 84.

parties, the Court held the adversary proceeding in abeyance while the state court litigation proceeded. [2]

On September 2, 2021, the Colorado Court of Appeals issued its opinion affirming in part and reversing in part.[3]  The Court of Appeals concluded the state court applied the wrong statute of limitations to the civil theft and conspiracy claims and remanded for a new trial on those claims.  In all other aspects, the Court of Appeals affirmed the First Judgement against the Debtor.  Following remand, the state court conducted a second trial on the civil theft and conspiracy claims.  At the conclusion of the trial, the jury again returned a verdict in favor of the Ekbergs, and the state court entered judgment against the Debtor (the "**Second Judgment**").  Debtor then appealed the Second Judgment.

In the meantime, this Court granted the Ekbergs' request to lift the abeyance in this proceeding for the limited purpose of filing a motion for partial summary judgment.  The Court ultimately granted partial summary judgment in their favor, entering a nondischargeable judgment against the Debtor for the fraud portion of the Second Judgment in the amount of $326,963 plus interest.[4]  The Court determined the fraud judgment was final because the Debtor had never appealed that portion of the state court's ruling.  The nondischargeability of any debt for the Ekbergs' theft and conspiracy claims remains pending and in abeyance.

On October 24, 2024, the Colorado Court of Appeals issued an opinion reversing the Second Judgment.[5]  The Court of Appeals concluded the state court gave an improper jury instruction on the conspiracy claim and, once again, remanded for a new trial.  The state court recently set a 5-day trial on the Ekbergs' civil theft and conspiracy claims to begin on May 18, 2026.

In his Motion, the Debtor asks this Court to lift the abeyance in this adversary proceeding, arguing this Court can more quickly liquidate the Ekbergs' remaining claims than the state court.  The Debtor filed his Motion shortly after the Ekbergs filed a Motion to Estimate Claim in the main case.  The Debtor objected to the Motion to Estimate, suggesting liquidation of the Ekbergs' claim could happen in this adversary proceeding.  Contemporaneously herewith, the Court has entered an order in the main case denying the Ekbergs' Motion to Estimate.[6]  That Order, which is incorporated by reference, explains that the state court is better suited to liquidate the Ekbergs' remaining claims.  For the same reasons, the Court will not attempt to liquidate the claims in this adversary proceeding.

---

[2] ECF Nos. 16, 17.

[3] *Ekberg v. Speicher*, 2021 WL 12344331 (Colo. Ct. App. Sep. 2, 2021).

[4] ECF No. 75.

[5] *Ekberg v. Speicher*, 2024 WL 4578665 (Colo. Ct. App. Oct. 24, 2024).

[6] Case No. 19-13850, ECF No. 430.

Accordingly, the Debtor's Motion to Lift is DENIED.

Dated: March 19, 2026                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court